Wright, J.,
delivered the opinion of the Court.
This is an action by the endorsee against the endorser of a bill single, in which the plaintiff had judgment by-default. The declartion, in our opinion, is fatally defective. There is no averment that any demand of payment was made of the maker, or notice of the dishonor of the bill single given to the endorser; nor is any excuse assigned for not having done so. Without these material allegations, the plaintiff has shown no cause of suit or title, and there is no foundation for the judgment. It was decided by the Supreme Court of this State, at its December Term, 1840, in Knott et als. v. Hicks et als., 2 Hum., 162, that the want of an averment of notice of the dishonor of a note in a declaration against the endorser, was fatal to the plaintiff’s title, and was not aided by verdict. And, a fortiori, this must be so in a judgment by default.
*506 There is nothing in the Code which shakes this well estab-ished rule of pleading, but much to confirm it. The precedents there given show that these averments are still required; and at section 2883, it is made the duty of the Court to see that the rules of pleading are substantially adhered to, and for this purpose it is empowered to impose terms upon delinquents.
The omission cannot be obviated upon the notion that it is matter of form, or is cured by the judgment. It is not the case of a defective statement of a valid title, or right of recovery, which may be aided by verdict; but it is the entire neglect to state any title whatever.
We cannot notice the bill single, or the endorsements upon it, which are copied into the transcript by the clerk — to see that demand and notice are there waived — because the simple proferí of them, without oyer, does not make them a part of the record, and they are not made so by bill of exceptions. In disposing of the writ of error, we can only look to what is of record.
The plaintiff, in order to establish his title to a recovery, should have averred demand and notice, or excused himself by reason of the waiver.
The judgment of the Circuit Court will be reversed, and the cause remanded for a trial, with leave to amend the declaration.